IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHANE BRADLEY,

                OPINION AND ORDER

      Petitioner,

                 15-cv-641-bbc
                 03-cr-171-bbc

  v.

UNITED STATES OF AMERICA,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Shane Bradley has filed a second motion for post conviction relief under 28 U.S.C. 2255, contending that his 2004 conviction for delivery of heroin should be vacated because the court relied improperly on a previous sentence in finding him to be a career offender under the sentencing guidelines. Ordinarily a second motion would not be allowed, but because petitioner is relying on the Supreme Court's recent ruling in Johnson v. United States, 135 S. Ct. 2251 (2015), and the holding in that case may apply to his sentence, the Court of Appeals for the Seventh Circuit has authorized his second or successive motion for post conviction relief. Dkt. #149.

  The United States wants this court to stay further proceedings in this case until the Supreme Court has decided two cases that may affect the disposition of this one. In Welch v. United States, No. 15-6418, the Court will be considering whether its holding in Johnson applies retroactively to successive petitions filed under 28 U.S.C. § 2255(h)(2), and in

1

Mathis v. United States, No. 15-6092, it will be deciding whether a criminal statute is divisible whenever it sets out alternative forms of committing an offense or whether divisibility requires that the statute set forth alternative *elements* rather than alternative *means* of committing the offense under state law. Petitioner, now represented by the Federal Defenders Services of Wisconsin, Inc., opposes a stay, pointing out that if he were resentenced as a non-career offender, he might be eligible for immediate release.

As helpful as it would be to have a decision from the Supreme Court that would resolve the issues raised in this motion for post conviction relief, I am not persuaded that either Welch or Mathis will be such a decision. My understanding of Welch is that the Court will be deciding in that case only whether its decision in Johnson applies retroactively to cases not on collateral review at the time of the decision. Retroactive application is already the rule in this circuit, Price v. United States, 795 F.3d 731 (7th Cir. 2015, but only for cases involving the Armed Career Criminal Act. As of now, neither this circuit nor the Supreme Court has resolved the question whether Johnson should apply to the determination of career offender status under the sentencing guidelines, which is one issue that petitioner is raising.

If petitioner's case presented precisely the same questions that the Supreme Court is likely to take up in Welch and Mathis, it would be reasonable to stay this case until the Court had decided those cases. However, I am not convinced that the Court's decisions will resolve the questions petitioner is raising, such as whether Johnson applies to persons who were not sentenced under the Armed Career Criminal Act as Johnson was, and if so, whether

the decision applies to all those persons found to be career offenders in reliance on the residual clause in U.S.S.G. § 4B1.2, or whether it applies only to those career offenders who were sentenced when the guidelines were mandatory. I see no point in delaying the briefing and decision when it is unlikely that either or both of the two Supreme Court decisions will resolve the issues in this case.

ORDER

IT IS ORDERED that the motion of the United States to stay further briefing and disposition of petitioner Shane Bradley's authorized successive motion to vacate his sentence pending the Supreme Court's decisions in Welch v. United States and Mathis v. United States, dkt. #10, is DENIED.

Entered this 24th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge