IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHANE BRADLEY,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

OPINION AND ORDER

15-cv-641-bbc
03-cr-171-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Shane Bradley has filed a motion for post conviction relief under 28 U.S.C. § 2255. He contends that he should be resentenced in light of the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), declaring unconstitutionally vague a portion of the penalty provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2). Although petitioner was not sentenced under the Armed Career Criminal Act, he believes that the holding in <u>Johnson</u> applies to his sentence, because it was increased under a similar provision defining "career offenders" in the sentencing guidelines, U.S.S.G. § 4B1.

      It is true that petitioner's sentence was increased under § 4B1.2 of the sentencing guidelines' career offender provision and that this provision had its origin in 18 U.S.C. § 924(e)(2), the penalty provision of the Armed Career Criminal Act. However, the determination that petitioner was a career offender did not depend on the specific portion

1

of the guidelines at issue in Johnson (the residual clause in subsection (B)(ii) of § 924(e)(2)). Instead, petitioner's sentence was based on a different guidelines provision adapted from subsection (i) of § 924(e)(2)(B), that the Supreme Court has never found unconstitutional. Thus, he has no viable claim under the holding in Johnson, even assuming that Johnson applies to sentences determined under the sentencing guidelines and is not limited to sentences imposed under the Armed Career Criminal Act.

Petitioner had a potentially meritorious challenge to his sentence as having been increased improperly under § 924(e)(2)(B)(i), but he is barred from raising that claim in this proceeding. Not only has too much time passed since he became aware of the probable error in his sentence, but he raised the claim once before, in 2009. This court denied the claim and the holding was affirmed by the court of appeals. 28 U.S.C. § 2244(b)(1) allows a prisoner in petitioner's position only one opportunity to file a collateral attack.

RECORD FACTS

A. Federal Charges against Petitioner

In 2003, petitioner Shane Bradley was charged in federal court with three counts of distribution of heroin. He entered into a plea agreement with the government and pleaded guilty to one of the three distribution counts. At sentencing, the court determined that he had three previous state felony convictions that made him a career offender under the then-mandatory sentencing guidelines: (1) delivery of marijuana in Jefferson County, Wisconsin, 92CF265; (2) possession of THC with intent to deliver and possession of drug paraphernalia

in Rock County, 93 CF1096; and (3) "Felony Intimidate Victim and Threaten Force" under Wis. Stat. § 940.45(3) in Jefferson County, Wisconsin, 93CF158. This last statute criminalizes a range of behavior. In 1993, it and its companion statute, § 940.4, read as follows:

> Wis. Stat. § 940.44. Except as provided in Section 940.45, whoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade, another person who has been the victim of any crime or who is acting on behalf of the victim from doing any of the following is guilty of a Class A misdemeanor: (1) making any report of the victimization to any peace officer or state, local or federal law enforcement or prosecuting agency, or to any judge.
>
> Wis. Stat. 940.45. Whoever violates s. 940.44 under any of the following circumstances is guilty of a Class D felony:
>
> > (1) Where the act is accompanied by force or violence or attempted force or violence upon the victim, or the spouse, child, parent, sibling or grandchild of the victim or any person sharing a common domicile with the victim.
> >
> > (2) Where the act is accompanied by injury or damage to the real or personal property of any person covered under sub. (1).
> >
> > (3) Where the act is accompanied by any express or implied threat of force, violence, injury or damage described in sub. (1) or (2).

(Remaining subsections omitted.)

The record does not show that petitioner's counsel made any objections at sentencing to the use of petitioner's prior drug convictions as predicates for a career offender sentence, although the parties agree now that the Rock County delivery charge was a mistake because the conviction was for possession only. In addition, petitioner's counsel made no objection

to the use of the state victim intimidation statute as a predicate conviction, although nothing in the state court record submitted by the parties shows which part of § 940.45 petitioner was charged with violating.  (A person can violate the statute without committing any act of force or violence against the person of another or threatening to do so, by threatening damage to personal property or real estate belonging to or occupied by the victim or by certain family members. (Under the sentencing guidelines, a person can be subjected to an increased sentence as a "career offender" only if the person has been previously convicted of a "serious drug offense" or a "crime punishable by imprisonment of a term exceeding one year that has as an element *the use, attempted use, or threatened use of force against the person of another."* U.S.S.G. § 4B1.2.*)*

Without any objection by petitioner's counsel, the sentencing judge found that petitioner's two prior drug convictions were felony controlled substance offenses and the third was a crime of violence under the guidelines.  U.S.S.G. § 4B1.1.  Petitioner was sentenced to a term of 223 months in prison and did not appeal.   Had he not been found to be a career offender, his guidelines would have been 77-96 months.

### B. Petitioner's Prior State Court Convictions

After petitioner was sentenced in federal court, he tried to persuade the Circuit Court for Jefferson County to correct the record of his 1994 intimidation conviction to show that he had been convicted in state court of intimidation of a *victim*, under Wis. Stat. § 940.45(3), rather than intimidation of a *witness* under § 940.43.  In 2005, the state circuit court agreed

4

to change the crime of which he had been convicted to that of "intimidate *witness* in violation of Wis. Stat. § 940.43." (Emphasis added.) Wisconsin v. Bradley, 2005AP2261, dkt. #15-4, 15-cv-641, at 3.  Shortly thereafter, petitioner asked the circuit court to expunge his conviction for intimidating a *victim* on the ground that he had not been convicted of that crime.  Id. at 3.  This proved to be a dead end when the circuit court denied the motion. Petitioner appealed but the state court of appeals affirmed the trial court, saying that

> the record clearly shows that [petitioner] was charged with and convicted of a violation of Wis. Stat. § 940.45(3) and that [petitioner] was aware of the elements of this crime when he pleaded to it.  Further, both the State and [petitioner] agreed that he was convicted of intimidation of a victim.

Id.   Petitioner made a second attempt to amend his state court conviction in 2011, but the state court of appeals refused to hear the motion, saying that its decision as to the proper charge of conviction, Wis. Stat. § 940.45(3), had become the law of the case and could not be relitigated.  State v. Bradley, 2010AP1388-CR, dkt. #15-5, 15-cv-641, at 2.

C. Petitioner's Federal Post Conviction Challenges

Petitioner has challenged his sentence in federal court on at least five prior occasions. He did not take a direct appeal of his sentence, but contended in his first motion for post conviction relief filed in 2005 under 28 U.S.C. § 2255 that his trial counsel had been ineffective.  He alleged that counsel had induced him to plead guilty by misleading him about the length of the sentence he could receive and then had failed to file an appeal of the sentence.  He also argued that his counsel should have objected to his career offender status because  the Rock County drug conviction was not a qualifying controlled substance offense

and his conviction of felony victim-intimidation was not a crime of violence. The district court denied the motion on September 13, 2005, Bradley v. United States, 03-CR-171-S, dkt. #75, and petitioner appealed.

The court of appeals returned the case to the district court for an evidentiary hearing, limited to counsel's alleged failure to file a notice of appeal and the adequacy of counsel's advice about pleading guilty. The district court held the hearing and concluded that petitioner had failed to show he had instructed his counsel to take an appeal or that counsel had given him inadequate advice about pleading guilty. The court noted that petitioner was aware at the time of sentencing that his alternative to pleading guilty was a superseding indictment for conspiracy carrying a potential penalty of life in prison. Bradley v. United States, 2007 WL 5633175 (W.D. Wis. Aug. 10, 2007). The court agreed with petitioner that he had received inaccurate information about the length of the sentence he could receive if he went to trial (counsel said it could be as much as 90 years, when the maximum was 30), but it was not persuaded by petitioner's testimony that he would have proceeded to trial had he been given accurate advice. As the court pointed out, if petitioner had rejected the plea agreement, he could have been re-indicted for conspiracy, in which case he would have faced a potential sentence of life in prison. The district court denied petitioner a certificate of appealability, as did the court of appeals. Bradley v. United States, 219 Fed. Appx. 587 (7th Cir. 2007).

In June 2007, petitioner filed a second motion challenging his conviction, asking the district court to order the state court to change his conviction from intimidating a *victim* to

intimidating a *witness* and, after that had occurred, to reduce his federal sentence. The district court noted that petitioner was no longer in state custody and treated the motion as a petition for a writ of error coram nobis. It denied the writ on its merits; the Court of Appeals for the Seventh Circuit remanded the case with instructions to dismiss it for lack of jurisdiction, saying that petitioner was seeking collateral review of his sentence, which was available only under 28 U.S.C. § 2255, and had not obtained permission from the court of appeals to file an unauthorized second petition for post conviction relief. Bradley v. Wisconsin, 278 Fed. Appx. 659, 660 (7th Cir. 2008).

In June 2009, petitioner made a third attempt to correct his sentence, filing a motion in this court under Fed. R. Crim. P. 36 to correct an alleged clerical error in his presentence report, arguing that one of his previous state court drug convictions had been for possession and not for distribution and that his victim-intimidation conviction had been based on threatening damage to the victim's property and not on threatening harm to the victim. Mot., dkt. #132, 03-cr-171. This motion was denied because he had not submitted any authenticated evidence to support his claim that his actual state court conviction was for threatening danger to a victim's property. Order, dkt. #133, 03-cr-171. The denial was upheld by the court of appeals. Jmt., dkt. #146.

In March 2011, petitioner filed the first of two motions in the Southern District of Indiana, the district in which he was then confined. In the first, brought under 28 U.S.C. § 28 U.S.C. § 2241, he argued that his conviction for victim-intimidation could no longer qualify as a crime of violence because the Supreme Court had held in Johnson v. United

States, 559 U.S. 133 (2010) (not to be confused with the 2015 decision in Johnson v. United States, under which petitioner is suing in this case), that a state felony offense not having as an element "the use of physical force against the person of another," cannot qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i) of the Armed Career Criminal Act, and that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of cause physical pain or injury to another person." Id. at 140 (quoting Flores v. Ashcroft, 350 F3d. 666, 672 (7th Cir. 2003)).

The court denied the petition on the ground that petitioner had not shown actual innocence, as required for a successful motion under 28 U.S.C. § 2241. The court of appeals affirmed, pointing out that petitioner could have been sentenced to the statutory maximum, which was 30 years, well above the 223 month-sentence he did receive. Bradley v. Lockett, No. 12-2815, slip op. at 2 (7th Cir. 2012).

A year later, the court of appeals addressed petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) and corrected its 2012 ruling. Bradley v. Lockett, 549 Fed. Appx. 545 (7th Cir. 2013), disavowing the previous holding in the case that petitioner's sentence could not be challenged simply because his guidelines sentence was lower than the potential statutory maximum sentence to which he could have been sentenced. Id. at 549. Nevertheless, the court of appeals denied relief to petitioner on the ground that petitioner's Fed. R. Civ. P. 60(b)(6) motion was actually a claim on the merits, because it was attacking "the federal court's previous resolution of a claim on the merits." Id. at 552. Accordingly, it denied petitioner's motion, after characterizing it as a successive petition for

habeas corpus relief subject to the requirements of 28 U.S.C. § 2255(h), which requires certification of a second or consecutive petition by a panel of the court of appeals. Id. at 552.

On September 15, 2015, petitioner filed a pro se application in the Court of Appeals for the Seventh Circuit, seeking permission to file a successive § 2255 motion in light of Johnson v. United States, 135 S. Ct. 2551. The court of appeals granted the application on September 24, 2015, specifying that it was left to this court to determine such questions as whether Johnson applies to petitioner's claim and whether petitioner had procedurally defaulted his claim.

OPINION

The issue in Johnson v. United States, 135 S. Ct. 2551 (2015), was the constitutionality of what the Court referred to as the "residual clause" in the penalties provision of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), which prescribes additional penalties for persons convicted under the Act who have three or more prior convictions for "serious drug offenses" or "violent felonies." The penalties are severe: an armed career criminal who has three qualifying sentences is subject to a minimum sentence of 15 years and a maximum of life and is not eligible for a probationary sentence. § 924(e)(1).

The term "serious drug offense" is defined in the Act and is relatively straightforward. It covers federal drug offenses under 21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq. or Chapter 705 of title 46,

>   for which a maximum term of imprisonment for ten years or more is prescribed by law; and state offenses involving manufacturing, distributing, or possession with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802) for which a maximum term of imprisonment of ten years of more is prescribed by law.

The statute defines "violent felonies" as

>   any crime punishable by imprisonment of a term exceeding one year . . . that (**i) has as an element the use, attempted use, or threatened use of physical force against the person of another** [this is often referred to as the "elements" clause of subsection (B)]; or
>
>   (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another** [this clause is known as the "residual clause"];*"*

Petitioner's sentence was increased under subsection (i). The subsection at issue in Johnson was the bolded clause in subsection (ii).

Johnson took up a question that had bedeviled the Court: how could a phrase as vague as the residual clause give fair warning of the conduct it prohibited? In earlier opinions, the Court had taken up several cases involving the residual clause. In Begay v. United States, 553 U.S. 137 (2008), it held that the clause did not apply to crimes involving driving under the influence of alcohol because such a crime was not "roughly similar, in kind as well as in degree of risk posed, to the examples [listed in the Armed Career Criminal Act] themselves." Id. at 143. It reached the same conclusion in Chambers v. United States, 555 U.S. 137 (2008), with respect to a conviction for crimes of escape that rested on nothing more than failure to report for penal confinement. The Court concluded that such "passive" offenses did not inherently involve conduct presenting "a serious potential risk of physical injury to another." Id. at 691. By contrast, the Court held in James v. United States, 550 U.S. 192 (2007), that

10

the clause applied to the crime of attempted burglary, and in Sykes v. United States, 564 U.S. 1 (2011), it held that it applied to vehicular flight from a law enforcement officer. In Johnson, the Court said definitively that it was a violation of due process to rely on convictions of the kind described in the residual clause to find that an offender had committed a "crime of violence" under the Act. "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." Johnson, 135 S. Ct. at 2557.

Like hundreds of other prisoners, petitioner believes that Johnson applies to his sentence and that, as a consequence, he is entitled to be resentenced. However, the Court said nothing in Johnson to suggest that it saw any constitutional problems with subsection (i), the provision under which petitioner's sentence was enhanced. Accordingly, I conclude that he has no viable claim under Johnson.

For the sake of completeness, I note that petitioner argues that if his victim-intimidation offense does not fit within subsection (i) (the "elements" clause) of § 924(e)(2)(B), it must fall with the residual clause of subsection (ii). He says he was charged as if the state statute were indivisible because the state court prosecutor did not specify whether petitioner was charged with using "force" or with "damage to property," but if this were true, he should not have been convicted under either the elements clause in (i) or the residual clause in subsection (ii). He does not explain why it would follow from the allegedly improper use of his state court victim-intimidation conviction that it would have been proper

11

for the court to sentence him as if he had been charged with the use of force under § 924(e)(2)(ii)'s residual clause.

Petitioner has had a number of opportunities to challenge his guidelines sentence. Once he became aware that the federal court had erred in using his state court conviction to increase his sentence, he had a year in which to bring a challenge. He did so in 2009, in his motion to correct his sentence under Fed. R. Crim. P. 36(b)), but failed to produce the evidence he needed in which to show that his sentence was illegal. Ramirez v. United States, 606 F.3d 396, 398 (7th Cir. 2010) (defendant who brings post conviction motion contending that sentencing court erred in classifying prior conviction used to make him career offender under guidelines has burdens of both production and persuasion).

Even if petitioner had not brought his motion too long after he became aware of a possible ground for attacking his sentence, the motion he filed in 2009 bars him from bringing another challenge. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 [or under § 2255 ¶ 8, which incorporates § 2244(b)] shall be dismissed." Brannigan v. United States, 249 F.3d 584, 588 (7th Cir. 2001) ("claim" is determined by its underlying events and not by legal arguments used to advance it; "it is essential to define the 'claim' as a challenge a particular step in the process.

Section 2244(b)(1) has two exceptions, but neither one applies to petitioner's motion. He has not shown that he is either (1) relying on a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and was previously

unavailable; or that he (2) could not have discovered the factual predicate for his claim previously through the exercise of due diligence

Johnson applied only to sentences imposed under the Armed Career Criminal Act. The Court has not held that the holding applies to guideline sentences based upon the language in the guidelines derived from the residual clause.  It is probable that it will do si, particularly for sentences like petitioner's that were imposed when the guidelines were mandatory.  Even assuming, however, that the Court would hold that the language in the guidelines derived from the residual clause is unconstitutionally vague, such a holding would not help petitioner.  In summary, I conclude that petitioner has failed to show that he has a claim for resentencing.  Accordingly, his motion will be dismissed for lack of jurisdiction.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  I believe that reasonable jurists could debate the conclusion I have come to. Certainly, I cannot say that the issues are so insubstantial as not to merit further attention.  Accordingly, a certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner Shane Bradley's motion for post conviction relief, dkt. #1, 15-cv-641, is DISMISSED.  A certificate of appealability will issue.

Entered this 6th day of May, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge